M. M. THOMAS, Plaintiff in Error,

v.

**BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, State of Oklahoma, Defendant in Error.**

Harold C. THEUS, Plaintiff in Error,

v.

**BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, State of Oklahoma, Defendant in Error.**

Nos. 38429, 38430.

Supreme Court of Oklahoma.

April 14, 1959.

Rehearing Denied May 26, 1959.

Edward M. Box, Oklahoma City, for plaintiff in error.

John C. Moran, Oklahoma City, for defendant in error.

JOHNSON, Justice.

These appeals, No. 38,429, M. M. Thomas v. Board of County Commissioners of Oklahoma County, and No. 38,430, Harold C. Theus v. Board of County Commissioners of Oklahoma County, involve identical issues of law and fact and are consolidated for the purpose of decision.

The facts upon which these actions arose are that M. M. Thomas as "Civil Assistant" and Harold C. Theus as "First Assistant" to the County Attorney of Oklahoma County were entitled under the provisions of 19 O.S.Supp.1957 §§ 179.19 and 179.7, to a salary of ninety percent of the salary of the County Attorney of Oklahoma County. This is admitted. However, the legislature in 1957 (S.L.1957, Chap. 7a, page 112) approved an emergency measure which allowed the County Attorney of Oklahoma County the sum of $2,000 per annum as compensation for additional and non-germane duties imposed upon him by the Act, conditioned upon his filing with the County Clerk of Oklahoma County a written acceptance of the additional duties set out in the Act, and he complied with this requirement of the Act.

The deputies, Thomas and Theus, contended before the Board of County Commissioners of Oklahoma County that they were entitled to have their salaries increased to the extent of 90 percent of the $2,000 per annum allowed the County Attorney for his voluntary performance of the additional and non-germane duties required of him under the 1957 Act, supra, arguing that such additional amount constituted a part of the salary of the County Attorney. The Board of County Commissioners disagreed with this contention and refused to allow the increase contended for, and they appealed to the District Court of Oklahoma County where the action of the County Commissioners was affirmed, resulting in these appeals.

The County Attorney's official duties are set out in 19 O.S.1951 §§ 183 and 185. The duties so referred to under these sections are the duties of the office, as set out under said Secs. 183 and 185, supra. Whatever may have been the reasons for which the legislature enacted Chap. 7a, page 112, S.L.1957, supra, it is no concern of ours. The County Attorney was designated as the person to give advice to the governing board of any city having the required population under the Act, a duty not germane to the official duties of the County Attorney. It was a duty which the county attorney must personally and voluntarily assume. None other than the County Attorney was permitted under the Act to file a written acceptance of the additional non-germane duties and resulting additional pay. Such duties have no legal connection with the regular duties of the County Attorney; the duties of the County Attorney by the Act in question are imposed upon the County Attorney as an individual, and are not a part of the duties of his office. To remunerate him for these additional and non-germane duties is not in increase of the salary of his office within the meaning of the statute providing that the deputies herein named shall receive ninety percent of the salary of the County Attorney. Bond v. Phelps, 200 Okl. 70, 191 P.2d 938, and cited cases.

For the reasons given herein, the judgment of the trial court affirming the action of the Board of County Commissioners is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, JACKSON and IRWIN, JJ., concur.

BLACKBIRD, J., dissents.